UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|                     Plaintiff,     ) | |
|                                    ) | No. 1:06-cr-107-01 |
| -v-                                ) | |
|                                    ) | Honorable Paul L. Maloney |
| DERRICK SMITH,                     ) | |
|                     Defendant.     ) | |
|                                    ) | |

## OPINION GRANTING MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

Defendant Derrick Smith requests the Court reduce his sentence under the First Step Act. (ECF No. 166.) Appointed counsel filed a supplemental brief. (ECF No.181.) The Government filed a response. (ECF No. 182.) Both parties agree that Defendant is eligible for a reduction in sentence and both parties agree about the amended guidelines range. The Court will grant Defendant's motion and will reduce his sentence.

In 2006, Defendant pled guilty to all five charges alleged in the indictment. All five charges involved the distribution of crack cocaine. Judge Richard Enslen sentenced Defendant in 2007 as follows:

Count 1: distribution of an unspecified quantity, 21 U.S.C. § 841(b)(1)(C) - 240 months;

Count 2: distribution of more than 5 grams, 21 U.S.C. § 841(b)(1)(B(iii)) - 300 months;

Count 3: distribution of more than 5 grams, 21 U.S.C. § 841(b)(1)(B)(iii) - 300 months;

Count 4: distribution of more than 50 grams, 21 U.S.C. § 841(b)(1)(A)(iii) - 300 months; and

Count 5: distribution of more than 50 grams, 21 U.S.C. § 841(b)(1)(A)(iii) - 300 months.

All the terms of imprisonment were concurrent. Judge Enslen also sentenced Defendant to five years of supervised release for each count, all served concurrently.

In 2010, Congress enacted the Fair Sentencing Act, which changed the penalty structure for crack cocaine offenses by increasing the threshold quantities that were necessary to trigger statutory sentencing ranges. The changes to the Fair Sentencing Act, however, did not apply retroactively to defendants who had already been convicted for controlled substance violations. The Fair Sentencing Act did not provide any relief to Defendant.

The Sentencing Commission then issued retroactive changes to the Guidelines altering the quantities of crack cocaine as part of the scoring for offense levels, which had the effect of reducing guidelines ranges. Defendant filed motions following the different amendments, which were all denied because Defendant's offense level was based on his status as a career offender. (ECF Nos. 80 and 81; ECF Nos. 103 and 104; ECF Nos. 149 and 150.)

In 2018, Congress enacted the First Step Act (FSA) which, among other things, made retroactive the threshold quantity changes in the Fair Sentencing Act. To be eligible under the FSA, a defendant must have been convicted of a "covered offense." Congress defined that phrase as a pre-August 3, 2010, violation of a federal criminal statute for which the statutory penalties were modified by section 2 or section 3 of the Fair Sentencing Act. *See United States v. Boulding*, 960 F.3d 774, 777-78 (6th Cir. 2020). The Sixth Circuit held that a defendant's eligibility is determined by a categorical inquiry that focuses on the offense of conviction and not on a defendant's specific conduct. *Id.* at 775 and 781-82. Upon the determination of a defendant's eligibility, the district court, in an exercise of discretion, may

modify the defendant's sentence, taking into account "an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *Id.* at 784.

A.

The Court concludes Defendant is eligible for a modification of his sentence. Both parties agree that Defendant is eligible. (Def. Supp. Br. PageID.624; Gov't Br. PageID.640.) Defendant was convicted of five counts of violating 21 U.S.C. § 841(a)(1). The threshold quantities in the penalty provisions for four of Defendant's convictions were increased by the Fair Sentencing Act. At the time of his conviction, the threshold quantity triggering the penalty in § 841(b)(1)(B) was 5 grams or more of crack cocaine. The Fair Sentencing Act increased the threshold quantity to 28 grams. At the time of his conviction, the threshold quantity triggering the penalty in § 841(b)(1)(A) was 50 grams. The Fair Sentencing Act increased the threshold quantity to 280 grams. If sentenced under the Fair Sentencing Act, Defendant's penalty for Counts 1, 2 and 3 would fall under § 841(b)(1)(C), which has a statutory maximum of 20 years. For Counts 4 and 5, following the Fair Sentencing Act, Defendant's penalty would fall under § 841(b)(1)(B), which has a statutory maximum of 40 years.[1] Because at least some of the statutory penalties have changed for Defendant's offenses of conviction, he is eligible for consideration for a sentence reduction under the First Step Act.

---

[1] The Government did not file notice of prior convictions under 21 U.S.C. § 851 and, therefore, Defendant cannot be subject to the enhanced statutory penalties. *See, e.g., United States v. Pruitt*, 545 F.3d 416, 424-25 (6th Cir. 2008).

B.

The Count concludes Defendant's guidelines range has changed. When he was sentenced, Defendant had a guidelines range of 262-327 months imprisonment. The statutory maximum for Counts 4 and 5 was life imprisonment which gave Defendant an offense level 37 under USSG 4B1.1(b). His total offense level was 34 after a 3-point reduction for acceptance of responsibility. Defendant had prior convictions for drug offenses, was considered a career offender, and had criminal history category VI.

The Court concludes, and both parties agree, that Defendant's new guidelines range is 188-235 months imprisonment. (Def. Supp. Br. PageID.626; Gov't Br. 640.) Defendant's statutory maximum for Counts 4 and 5 becomes 40 years (§ 841(b)(1)(B)), rather than life imprisonment, which lowers his offense level from 37 to 34 under § 4B1.1(b). With the acceptance of responsibility, his total offense level become 31. Defendant still has criminal history category VI.

C.

Defendant argues, under current law, he should not be considered a career offender. Defendant reasons that under *United States v. Havis*, 927 F.3d 382, 838 (6th Cir.) *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019), his prior drug convictions for delivery should no longer be considered controlled substance offenses.

Defendant remains a career offender. Defendant's prior state convictions for delivery of controlled substances qualify a as controlled-substance offense following *Havis*. *See United States v. Ash*, —F. App'x—, 2021 WL 53261, at *3 (6th Cir. Jan. 6, 2021) (citing *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020 (per curaim)); *United States v.*

*Hill*, 982 F.3d 441, 443-44 (6th Cir. 2020); *United States v. Michael*, —F. App'x—, 2020 WL 7238420, at *5 (6th Cir. Dec. 9, 2020) (rejecting the argument as part of a motion under the First Step Act and citing *United States v. Elliott*, —F. App'x—, 2020 WL6746990, at *5 (6th Cir. Nov. 17, 2020)).

### D.

The Court will modify Defendant's sentence to 216 months for each count. Judge Enslen sentenced Defendant to the statutory maximum for Count 1. For the other four counts, Judge Enslen sentenced Defendant to 300 months. The sentence represented a middle of the guidelines range term for the range determined by Counts 4 and 5. The Court uses a similar approach here, with the exception of the statutory maximum for Count 1. Using the amended guidelines range for Counts 4 and 5, 188 to 235, the Court finds that 216 months reflects a similar middle of the guidelines range term and will impose that sentence for each of the five counts.

The Court has considered the § 3553(a) factors in reaching this decision. A sentence of 216 months reflects the nature and circumstances of the crimes and the seriousness of the crimes. The sentence also serves the purposes of deterring Defendant and protecting the public. The Court acknowledges that Defendant has used his time in prison to earn his GED and complete some educational courses. The Court is mindful that Defendant committed these federal crimes while on probation for his state convictions. The 84-month reduction, seven years, is sufficient. The rest of the terms of Defendant's sentence remain intact.

For these reasons, Defendant's motion for a reduction in sentence under the First Step Act (ECF No. 166) is **GRANTED.** The Court will issue an order contemporaneous with this Opinion that establishes the modification in his sentences for each count.

Date: January 13, 2021 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge