UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:06-cr-107-01 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| DERRICK SMITH, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Derrick Smith requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 194).  Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive.  The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances.  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021).  One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant.  18 U.S.C. § 3582(c)(2).  The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review.  See *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)).  The court must first determine Defendant's eligibility for a sentence reduction, whether the Sentencing Commission's changes actually lowered the defendant's guidelines range.  *See Dillon*, 560 U.S. at 827.  Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce Defendant's sentence.  *Id.*  Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions.  Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. Prior to Amendment 821, a defendant received two status points if the defendant committed the offense of conviction while on probation or supervised release.  U.S.S.G. § 4A1.1(d) (2021).  Defendant had two points added to his criminal history score under this provision, bringing his total to 13.  Applying the changes to the guidelines, under § 4A1.1(e) (2023), Defendant would receive only one point for a total of 12 criminal history points.  Ordinarily, a defendant's criminal history points determine the criminal history category.  *See* U.S.S.G. § 4A1.1.  A defendant may, however, be deemed a career criminal under § 4B1.1(a), which results in a criminal history category VI.  *See id.* § 4B1.1(b).  Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.  *See id.* § 4C1.1 (2023).

The Court finds Defendant ineligible for a sentence reduction under Amendment 821.  Defendant does not qualify for a sentence reduction as a zero-point offender; he has criminal history points.  Defendant specifically invokes the retroactive changes to "status points" in Part A of Amendment 821.  But, Defendant's prior convictions qualified him as

a career offender and his criminal history category remains the same.  Therefore, any reduction in criminal history points would not alter Defendant's criminal history category. Defense counsel acknowledges that the changes in Amendment 821 do not result in a lower guideline range.

Accordingly, Defendant is not eligible for a reduced sentence because the guideline calculation has not changed.  The Court **DENIES** Defendant's motion for a sentence reduction (ECF No. 194).  **IT IS SO ORDERED**.

Date:____April 26, 2024_____                         _/s/_ Paul L. Maloney_____
                                                     Paul L. Maloney
                                                     United States District Judge